UMBERG/ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@uzllp.com
Amy E. Lesperance (SBN 344630)
alesperance@uzllp.com
1920 Main Street, Suite 750
Irvine, California 92614
(949) 398-0052

SHEEREN LAW PLLC
David M. Sheeren (*pro hac vice pending*)
david@sheeren.law
P.O. Box QQ
McLean, Virginia 22101
(571) 308-1620

YETTER COLEMAN LLP
R. Paul Yetter (*pro hac vice pending*)
pyetter@yettercoleman.com
James E. Zucker (*pro hac vice pending*)
jzucker@yettercoleman.com
Shannon N. Smith (*pro hac vice pending*)
ssmith@yettercoleman.com
Julia C. Risley (*pro hac vice pending*)
jrisley@yettercoleman.com
Eva E. Robins (*pro hac vice pending*)
erobins@yettercoleman.com
600 Travis Street, Suite 5400
Houston, Texas 77002
(713) 632-8000

EDTECH LAW CENTER PLLC
Andrew Liddell (*pro hac vice pending*)
andrew.liddell@edtech.law
Julie Liddell (*pro hac vice forthcoming*)
julie.liddell@edtech.law
904 Rio Grande Street, Suite 100
Austin, Texas 78722
(512) 200-8028

*Attorneys for Plaintiffs and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JANE DOE, on behalf of her minor children, MC1 and MC2, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

OPENAI FOUNDATION (f/k/a OpenAI, Inc.), a Delaware corporation, OPENAI OPCO, LLC, a Delaware limited liability company, OPENAI HOLDINGS, LLC, a Delaware limited liability company, and OPENAI GROUP PBC, a Delaware public benefit corporation,

Defendants.

Case No. 3:26-cv-11781

**PLAINTIFFS' MOTION TO PROCEED PSEUDONYMOUSLY**

Trial Date: None Set
Action Filed: October 13, 2026

Jane Doe, on behalf of her minor children, Plaintiffs MC1 and MC2, respectfully moves to proceed under a pseudonym in this litigation. Jane Doe alleges that Defendants coerced her children into sharing their most sensitive information—including information on their health, images of their bodies, details of their romantic and familial relationships, and the specifics of their deepest thoughts and emotions—to impermissibly retain and profit off that information without consent. In pursuing the vindication of her children's rights, she necessarily must share the intimacies of their inner worlds as disclosed to OpenAI through ChatGPT. Jane Doe respectfully requests that the Court allow her to proceed pseudonymously to protect her children's privacy throughout this matter.

**ARGUMENT**

While parties in federal court generally are to proceed under their true names, this requirement is not absolute. A court may permit a party to preserve her anonymity "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in at least three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct. *Id.* Here, anonymity is required to preserve the privacy of minors. Defendants suffer no prejudice from omitting the children's names. Nor does the public's interest in knowing the children's identities outweigh preservation of their privacy.

Jane Doe brings claims on behalf of her minor children. As such, her own anonymity is necessary to protect the identities of her children. *See Z.A. v. Lucile Salter Packard Child.'s Hosp. at Stanford*, Case No. 26-cv-04998-PCP, 2026 WL 1707586, at *5 (N.D. Cal. June 6, 2026) ("[Parents'] identities track their children's identities, … their children's identities can be readily surmised.") (quoting *Int'l Partners for Ethical Care Inc. v. Inslee*, Case No. 3:23-cv-05736-DGE, 2023 WL 7017765, at *1 (W.D. Wash. Oct. 25, 2023)). She alleges that OpenAI's chatbot, ChatGPT, coerces children to share "their most sensitive health information; highly personal details of their social and family relationships; photos of their faces and bodies; recordings of their voices; their hobbies,

interests, dreams, and hopes in their young lives; and their emotions, insecurities, disappointments, fears, and struggles." (Dkt. 1 at 5). To this end, the complaint includes screenshots of MC1 and MC2's messages with ChatGPT about sensitive topics like their bodies, mental health, relationships, and emotions. (*Id*. at 38-48).

Given the chats at issue, "matter[s] of sensitive and highly personal nature" are at the heart of this lawsuit. *Advanced Textile Corp.*, 214 F.3d at 1068. And, as this lawsuit progresses, further "sensitive and highly personal" material of the minors may be exposed. *Id.* To share the identity of Jane Doe, and therefore the identity of her children, in this dispute would inflict potential harassment and ridicule, as well as certain embarrassment, on both mother and children:

> In this circuit, we allow parties to use pseudonyms in the "unusual case" when nondisclosure of the party's identity "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment."

*Id.* at 1067-68, quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). Any prejudice to Defendants in proceeding against anonymous children is outweighed by the need to shield the children from harm in a public forum. And the public's interest in knowing Jane Doe's identity is outweighed by its interest in protecting innocent children. *See Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1045 (9th Cir. 2010) (the "vulnerability" of minor plaintiffs "weighs in favor of anonymity"); *see also Z.A. v. Blanche*, 837 F. Supp. 3d 1036, 1055 (N.D. Cal. 2026) (granting motion to proceed pseudonymously where plaintiffs are the parents of minors and minors); *Lucile Salter Packard Children's Hosp. at Stanford*, 2026 WL 1707586, at *5 (same).

Further, the identities of Jane Doe and her children do not bear on adjudication of this dispute. She pursues her claims under a theory of strict liability; her and her children maintaining anonymity will not impair the Court's ability to adjudicate Plaintiffs' claims and the claims of the putative Class. "The Class includes all children under 18 years old when they clicked 'Continue,' regardless of the age they typed, because Section 6701 is a *strict liability* rule." (Dkt. 1 at 73) (orig. emph.). The claims turn on OpenAI's policies as they apply to all American children, not on who Plaintiffs are. Whether OpenAI's method of obtaining parental consent is valid under California law, and whether OpenAI's Terms of Use are void, are legal questions that have the same answer for every child in the Class. (*Id.*

¶¶ 392-93, 426, 429-30). Even the remedy is measured by data in OpenAI's hands, because it "already numbers the tokens associated with each person who uses ChatGPT." (*Id.* ¶ 14). Nor does it prejudice Defendants in their defense against these claims since they possess the account records, chats, and data at issue. To the extent they are not already known to Defendants, Plaintiffs' identities can be disclosed under an appropriate protective order.

Jane Doe respectfully requests to proceed pseudonymously to protect her children.

## CONCLUSION

Requiring Jane Doe to proceed in her own name would cause her children to suffer certain embarrassment and potential ridicule while she tries to vindicate their rights. As minors, her children are more vulnerable to these harms. And, given the nature of this lawsuit, proceeding in anonymity would neither prejudice Defendants nor degrade the Court's ability to adjudicate this dispute. The interest in the children's safety and privacy outweighs any prejudice from allowing her to proceed anonymously on their behalf. Accordingly, Jane Doe respectfully requests that this motion be granted.[1]

[1] If the Court is not inclined to grant this relief, Jane Doe alternatively seeks leave to amend the complaint to proceed under her initials. A parent of a minor "ordinarily is allowed to proceed with initials because that permission is needed to protect the privacy of the minor, whose identity might otherwise be effectively disclosed." *Students for Fair Admissions v. Trs. of Est. of Bishop,* 351 F.R.D. 241, 246 (D. Haw. 2026). Still, proceeding under her initials does not remedy potential harm to her children, as it risks their identities becoming known to the public. Paired with details in the public record, like that MC1 and MC2 are a 12-year-old girl and a 16-year-old boy who live in Hawaii, and their interests, activities, and relationships, her initials could be enough to identify the family.

Dated: October 15, 2026

UMBERG/ZIPSER LLP

*/s/ Mark A. Finkelstein*
Mark A. Finkelstein
Amy E. Lesperance

YETTER COLEMAN LLP
R. Paul Yetter (*pro hac vice pending*)
James E. Zucker (*pro hac vice pending*)
Shannon N. Smith (*pro hac vice pending*)
Julia C. Risley (*pro hac vice pending*)
Eva E. Robins (*pro hac vice pending*)

SHEEREN LAW PLLC
David M. Sheeren (*pro hac vice pending*)

EDTECH LAW CENTER PLLC
Andrew Liddell (*pro hac vice pending*)
Julie Liddell (*pro hac vice forthcoming*)

ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASS