UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br>Plaintiff,<br>v.<br><br>OPENAI FOUNDATION F/K/A OPENAI INC., et al.,<br>Defendants. | Case No. 26-cv-11781-AGT<br><br>**ORDER ON MOTION TO PROCEED PSEUDONYMOUSLY**<br>Re: Dkt. No. 11 |

Plaintiff Jane Doe seeks to proceed under a pseudonym. Dkt. 11. The Court grants her request at this stage of the litigation. This order assumes familiarity with the general framework governing pseudonym usage in the Ninth Circuit. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

Plaintiff's suit involves interactions between minors and Defendants' chatbot. Dkt. 11 at 2-3. She alleges that Defendants' chatbot "coerces" children to share sensitive and personal details about themselves. *Id.* Plaintiff sues on behalf of her minor children, and notes that requiring her to disclose her identity would effectively do the same for her children, notwithstanding Rule 5.2(a)(3)'s protections for minors. *Id.*

The conversations about minors' health and personal information involved in this case implicate the need to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068. Disclosing Plaintiff's identity would allow her children's identities to be "readily surmised." *Z.A. v. Lucile Salter Packard Children's Hosp. at Stanford*, 840 F.Supp.3d 530, 540 (N.D. Cal. 2026). The Court concludes that Plaintiff has adequately demonstrated her need for a pseudonym at this stage.

The Court also agrees with Plaintiff that there's little prejudice to Defendants here. She represents that Defendants already possess the records at issue in her case, and that she is willing to disclose her and her children's identities under a protective order. Dkt. 11 at 4. At this early stage, the burden that Plaintiff's anonymity places on Defendants is "not weighty." *In re Meta AI Glasses Litigation*, Case No. 26-cv-01897-EMC, 2026 WL 2718882, at *3 (N.D. Cal. Sept. 15, 2026).

Finally, the public interest weighs in favor of anonymity. Protecting Plaintiff's identity at this stage doesn't threaten the public's understanding of her case. She brings claims on behalf of a putative nationwide class of children under the age of 18, on a theory of strict liability. Dkt. 11 at 4; Dkt. 1 at ¶ 402. "[T]here is nothing about the Plaintiff's identity which makes it critical to the working of justice[,] and the basic facts of the case will be on public record." *B.M. v. Wyndham Hotels & Resorts, Inc.*, Case No. 20-cv-00656-BLF, 2020 WL 4368214, at *10 (N.D. Cal. July 30, 2020).

Plaintiff's motion to proceed under a pseudonym is granted, without prejudice to reconsideration of the issue at a later date. *See, e.g.*, *In re Meta AI Glasses*, 2026 WL 2718882, at *4.

**IT IS SO ORDERED.**

Dated: October 20, 2026

Alex G. Tse
United States Magistrate Judge